## Archer, Appellant, *v.* Davis.

*Real estate—Contracts for sale of real estate—Description— Failure to comply with provisions of contract—Evidence—Case for jury.*

· In an action of assumpsit for money paid on account of the sale of real estate, a verdict for the plaintiff will be sustained, where the issue of the parties was purely one of fact which was properly submitted to the jury.

Argued October 14, 1921. Appeal, No. 157, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1921, No. 302, on verdict for plaintiff in the case of Theodore B. Archer v. Franklin B. Davis. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover money paid down on agreement of sale for the purchase of real estate. Before MAC-NEILLE, J.

From the record it appeared that the defendant and one Mollohan entered into a written agreement on June 17, 1920, for the sale of real estate. This agreement was later assigned by the said Mollohan on June 18, 1920, to the plaintiff. Five hundred dollars were paid at the time of the signing of the agreement on account of the purchase price, and a settlement was to be made on or about September 25, 1920. On the day of settlement it was discovered that the party wall on the west line of the property was eight inches out of line and overlapped the adjoining property, whereupon the broker who brought the parties together informed them that it would be useless to go ahead with the settlement as the vendor could not make a marketable title. According to the testimony the vendor told the broker that he would rebuild the wall and appoint another time for settlement. The vendee claimed, however, that no notice had been given to him,

that the time of settlement had been extended or that any effort was made by the vendor to rebuild the wall.

Sometime after the 22d of October, the plaintiff went to the office of the broker and inquired whether or not the defendant intended to do anything with respect to the wall and was informed that he was not doing anything. The plaintiff, then, on October 20th, wrote to the broker to whom he had paid the earnest money of $500 demanding its return. The plaintiff made two other demands, but no reply was received to these letters, and on December 1, 1920, the defendant wrote the broker that the wall was rebuilt and suggested a time be arranged for a settlement. The agent did arrange a time for settlement on December 22d, and wrote the plaintiff requesting his attendance, but he did not attend and instituted the suit for the recovery of the earnest money and expenses.

Evidence was produced that the wall was rebuilt by the defendant in about two weeks after October 22d, but it was averred that no demand was made by the defendant for settlement until after December 1st. The case was submitted to the jury who rendered a verdict in favor of the plaintiff in the sum of $547.50 and judgment was entered thereon. A rule for a new trial and judgment non obstante veredicto was refused without an opinion. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Francis C. Menamin,* for appellant.

*Robert T. McCracken,* of *Roberts, Montgomery & Mc-Keehan,* for appellee.

PER CURIAM, November 21, 1921:
Every disputed question of fact in this controversy was fully and clearly submitted to the jury and the legal

propositions involved were correctly decided by the trial judge. After a careful examination of the record we do not find any reversible error therein.

The judgment is affirmed.